UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

| | |
|---|---|
| JAMES BASHON GARNER, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:05-cv-79 |
| ) | |
| v. ) | HON. RICHARD ALAN ENSLEN |
| ) | |
| UNKNOWN NAPEL, *et al.*, ) | |
| ) | |
| Defendants. ) | **OPINION** |
| _____ ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Plaintiff is presently incarcerated at the Standish Correctional Facility. In his *pro se* complaint, he sues Defendants Deputy Warden Napel, Corrections Officer ("CO") Carter, CO R. Milliner, CO Rodney Perrault, CO Brian K. Mahoney, CO Dean W. Leece, CO Charles Marcotte, CO William Etten, CO Liatala, CO A. Sundholm, CO Schater, CO White, CO Nennis, CO Camron, and Case Manager John, all of whom are employed by the MDOC at the Marquette Branch Prison (MBP).

Plaintiff claims that Defendants deliberately fabricated a misconduct against Plaintiff, denied him food and medical care, and subjected him to excessive force in retaliation for his use of the grievance procedure. In addition, Plaintiff claims that Defendants interfered with his outgoing

mail, forcing Plaintiff to use the "expedited mail" system.  For relief, Plaintiff requests compensatory and punitive damages.

Upon review, Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies as to all Defendants.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1]  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

---

[1]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has chosen to forego use of the form complaint in this action.

Plaintiff's claims that he was retaliated against and that he was subjected to cruel and unusual punishment are the type of claims that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000); ¶ II (may grieve brutality and corruption by prison staff) (effective Oct. 11, 1999 & Nov. 1, 2000); ¶ J (may grieve acts of reprisal for using the grievance process or for assisting others in filing grievances) (effective Oct. 11, 1999 & Nov. 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. Plaintiff states that he filed grievances regarding the alleged misconduct and attaches copies of his grievances. A review of the record thus far reveals that Plaintiff filed grievances on all of the named defendants except for Defendant Schater. However, it does not appear as if Plaintiff filed step II or III grievances on Defendants Napel and Milliner. An allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. Mar. 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642. Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies with regard to Defendants Napel, Milliner and Schater.

Because Plaintiff's claims contain both exhausted and unexhausted claims, the Court must now determine whether to dismiss the entire action pursuant to the "total exhaustion" rule or dismiss only the unexhausted claims pursuant to the "partial exhaustion" rule. The Sixth Circuit recently held in *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), that the PLRA requires a "complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims." *Id.* at 805. The Court has reviewed the *Jones Bey* decision and cannot, in good conscience, apply *Jones Bey* because it is void under Sixth Circuit law. It is void because under Sixth Circuit Rule 206(c), a "prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting en banc overrules the prior decision." *United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001) (discussing the effect of published opinions by previous panels)); *see also United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005) ; *Beck v. Haik*, 377 F.3d 624, 635 (6th Cir. 2004) ("A panel of this court cannot overrule the decision of another panel.") (internal citation omitted); *Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001) ("Court en banc consideration is required to overrule a published opinion of the court.") (quoting 6th Cir. R. 206(c)).

In this case, the prior decision is *Hartfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999). *Hartfield* held that, in a prisoner's civil rights action, unexhausted claims should be dismissed without prejudice and exhausted claims should be allowed to proceed and be determined on the merits. Upon review of the cases, the Court finds that *Hartfield* did address this issue and allowed for partial exhaustion, albeit not in as direct language as the *Jones Bey* panel. However, the intention of the *Hartfield* panel to allow for partial exhaustion is clear. Additionally, following *Hartfield* is

consistent with this Court's decision in *Jenkins v. Toombs*, 32 F. Supp. 2d 955 (W.D. Mich. 1999) (holding that it is appropriate to dismiss unexhausted claims and allow the exhausted claims to be determined on the merits).

Since the *Jones Bey* decision, other cases have been decided which illustrate the error of the *Jones Bey* decision on policy grounds. *See Ortiz v. McBride*, 380 F.3d 649, 657-63 (2nd Cir. 2004) (finding that it is appropriate to proceed with exhausted claims but dismiss unexhausted claims in prisoner civil rights actions[2]); *see also Leascock v. City of New York*, 2005 WL 323723 at *3 (S.D.N.Y. 2005) (unpublished) (considering *Ortiz* and companion cases); *Boyd v. Pugh*, No. Civ. 3:CV-04-1761, 2005 WL 1430087 at *2 (M.D. Pa. 2005) (declining to follow the "total exhaustion" rule); *Clark v. Mason*, No. C04-1647C, 2005 WL 1189577 (W.D. Wash. 2005) (addressing the split of District courts within the Ninth Circuit and declining to apply a total exhaustion rule).

Therefore, this Court will follow the precedent set by *Hartfield* until and unless the Supreme Court of the United States or Sixth Circuit *en banc* determines that the total exhaustion rule applies to prisoner civil rights actions.

Accordingly, this Court will dismiss Plaintiff's claims against Defendants Napel, Milliner, and Schater.  All other Defendants should be served.

A Partial Judgment consistent with this Opinion will be entered.


Dated in Kalamazoo, MI:                   /s/Richard Alan Enslen
July 1, 2005                              Richard Alan Enslen
                                          United States District Judge

---

[2]The *Jones Bey* panel did note the *Ortiz* decision, but did so without full consideration of the other companion cases decided with *Ortiz*. *See Abney v. McGinnis*, 380 F.3d 663 (2d Cir. 2004); *Giano v. Goord*, 380 F.3d 670 (2d Cir. 2004); *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004); *Johnson v. Testman*, 380 F.3d 691 (2d Cir. 2004).