UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES BASHON GARNER #272042, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:05-cv-79 |
| | ) | |
| v. | ) | HON. RICHARD ALAN ENSLEN |
| | ) | |
| UNKNOWN NAPEL, *et al.*, | ) | |
| | ) | **ORDER GRANTING MOTION** |
| Defendants. | ) | **FOR RECONSIDERATION** |
| | ) | |

Plaintiff, a prisoner incarcerated at the Standish Correctional Facility, filed a Complaint pursuant to 42 U.S.C. § 1983. This Court adopted the Magistrate Judge's Report and Recommendation and dismissed Plaintiff's Complaint, in part, for failure to exhaust administrative remedies on July 1, 2005. Plaintiff has now filed a letter contesting the dismissal of Defendant Schater, which the Court construes as a motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Court finds that the motion is timely. *See* FED. R. CIV. P. 60(b). After careful consideration, the Court will grant the motion.

Upon initial review of the Complaint in this case, the Court determined that Plaintiff had failed to exhaust his administrative remedies with regard to Defendant Schater because he was not named in the step I grievance. In his motion for reconsideration, Plaintiff states that his step I grievance was continued on an attached page, and that Defendant "Scheter" is named on that page. A review of the attachments to the original Complaint reveals that Plaintiff is correct. Therefore, it appears that Plaintiff has in fact exhausted his remedies with regard to Defendant Schater. Consequently, Plaintiff is entitled to reconsideration of the dismissal of Defendant Schater.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall arrange for service of Summons and Complaint, along with a copy of this Order, upon Defendant Schater.

**IT IS FURTHER ORDERED** that Defendant Schater shall reply to the Complaint after service, by way of answer, motion to dismiss, or motion for summary judgment, within the time allowed by law. *See* 42 U.S.C. § 1997e(g).

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 12, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |