UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES B. GARNER,

    Plaintiff,

v.

UNKNOWN NAPEL, *et al.*,

    Defendants.

                                /

Case No. 2:05-CV-79

Hon. Richard Alan Enslen

**ORDER**

This matter is before the Court on Defendants Michael Schetter, William Etten, Glenn Caron, Manuel Carter, Rodney Perreault, Brian K. Mahoney, Dean W. Leece, Charles Marcotte, William Laitila, Sean Sundholm, Robert White, Todd Ninnis and Phillip Johns' Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of June 22, 2006 ("Report"), which recommended that Defendants' Motion to Dismiss be denied. The Court now reviews the Report, Defendants' Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court will deny Defendants' Objections and adopt the Report's recommendation.

Defendants' Objections center on the Report's treatment of administrative exhaustion and assert that because Plaintiff's Amended Complaint contains both administratively exhausted and unexhausted allegations, his entire Amended Complaint must be dismissed. Defendants' argument squares with decisions like *Rinard v. Luoma*, 440 F.3d 361 (6th Cir. 2006) and *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), where certain panels of the Sixth Circuit Court of Appeals advanced a "total-exhaustion rule." Upon review, the Court believes *Rinard*, *Jones-Bey* and like precedent are void under Sixth Circuit law because a "prior decision [of a Sixth Circuit panel]

remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting *en banc* overrules the prior decision." 6TH CIR. R. 206(c). Consequently, this Court still finds that *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999) (where partial-exhaustion was first recognized as the rule in this Circuit), remains controlling precedent. Furthermore, a Sixth Circuit panel recently reiterated that "the partial-exhaustion rule is the law of this circuit." *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006). Therefore, this Court will follow *Hartsfield* until and unless a Supreme Court or an *en banc* Sixth Circuit decision provides otherwise. Defendants' Objections on this ground will be denied.

As Defendants correctly observe, the United States Supreme Court has granted *certiorari* to settle the debate in this Circuit over exhaustion. *See Jones v. Bock*, No. 05-7058, 126 S. Ct. 1462 (U.S. Mar. 6, 2006); *Williams v. Overton,* No. 05-7142, 126 S. Ct. 1463 (U.S. Mar. 6, 2006). Defendants now request the Court to hold this case in abeyance pending Supreme Court review. Upon careful consideration, the Court believes that a stay in this case is ill advised. As the *Spencer* court aptly observed, federal courts have an unflagging "obligation to decide the case before" them. *Spencer*, 449 F.3d at 726. Furthermore, when constitutional liberties are at stake, this Court's jurisdictional mandate, and thereby its role as the primary guardian of federal rights, is all the more imperative. Accordingly, the Court will not hold this case in abeyance pending Supreme Court review.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants Michael Schetter, William Etten, Glenn Caron, Manuel Carter, Rodney Perreault, Brian K. Mahoney, Dean W. Leece, Charles Marcotte, William Laitila, Sean Sundholm, Robert White, Todd Ninnis and Phillip Johns'

Objections (Dkt. No. 67) are **DENIED**, the Report and Recommendation (Dkt. No. 64) is

**ADOPTED**, and Defendants' Motions to Dismiss (Dkt. Nos. 22, 26 & 43) are **DENIED**.

                                                         /s/ Richard Alan Enslen

DATED in Kalamazoo, MI:        RICHARD ALAN ENSLEN
   August 23, 2006          SENIOR UNITED STATES DISTRICT JUDGE