UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES BASHON GARNER,

    Plaintiff,

v.                                        Case No. 2:05-cv-79
                                        HON. RICHARD ALAN ENSLEN

UNKNOWN NAPEL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff James Bashon Garner, a prisoner confined at the Standish Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Corrections Officers Carter, Rodney Perrault, Brian K. Mahoney, Dean W. Leece, Charles Marcotte, William Etten, Liatala, A. Sundholm, Schater, White, Nennis and Caron, and Case Manager John, all of whom are employed at the Marquette Branch Prison.

Plaintiff claims that defendants deliberately fabricated a misconduct against plaintiff, denied him food and medical care, and subjected him to excessive force in retaliation for his use of the grievance procedure. In addition, plaintiff claims that defendants interfered with his outgoing mail, forcing plaintiff to use the "expedited mail" system. Plaintiff requests compensatory and punitive damages. Two defendants have been dismissed by this court for failure to exhaust grievance remedies. The court has already rejected defendants' motion to dismiss the entire complaint under the total exhaustion rule. Defendants now move to dismiss the case for lack of exhaustion against each defendant.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). A prisoner must make particularized averments as necessary for the district court to determine what, if any, claims have been exhausted or what has been done in an attempt to exhaust the claims. *Id.* In addition, a prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006)*; Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

A plaintiff must pursue all levels of the administrative procedure before filing an action in federal court. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed.")

More recently, the United States Supreme Court ruled that an untimely grievance filing fails to satisfy the exhaustion requirement. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2393 (2006), the Supreme Court held that a prisoner fails to satisfy the Prison Litigation Reform Act's (PLRA) exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance. Plaintiff James Woodford, a California prisoner, filed a § 1983 action against prison officials challenging restrictions on his participation in several Catholic observances. Approximately six months later, plaintiff filed a grievance challenging those restrictions. Plaintiff's grievance, however, was rejected as untimely because it was not filed within 15 working days of the action being challenged. *Id.* at 2383-84. Plaintiff appealed the grievance internally without any success and subsequently sued the prison officials in federal district court. The district court granted defendants' motion to dismiss because plaintiff failed to exhaust his administrative remedies under § 1997e(a) by filing an untimely grievance. The Ninth Circuit Court of Appeals reversed, holding that plaintiff had exhausted administrative remedies because no such remedies were available to him. Noting that the Ninth Circuit's decision was consistent with the Sixth Circuit's decision in *Thomas v. Woolum,* 337 F.3d 720, 735 (6th Cir. 2003), but conflicted with four other circuits, the Supreme Court granted certiorari to address the conflict. *Id.* at 2384. In *Thomas,* 337 F.3d at 733, the Sixth Circuit held that "a prisoner who has presented his or her grievance through one complete round of the prison process has exhausted his available administrative remedies under 42 U.S.C. § 1997e(a),

regardless of whether the prisoner complied with the grievance system's procedural requirements" such as timeliness.

The PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted.*" 42 U.S.C. § 1997(e)(a) (emphasis added). The Court evaluated the doctrine of exhaustion under both administrative and habeas law, finding that the PLRA exhaustion requirement requires proper exhaustion. *Woodford,* 126 S. Ct. 2387. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386. Efforts by prisoners to circumvent the prison grievance proceedings, *i.e.* by filing a grievance late, and proceeding directly to federal district court, are thereby thwarted. *Id.* at 2388. Accordingly, the Court reversed the decision of the Ninth Circuit, holding that plaintiff failed to exhaust his administrative remedies because his grievance was untimely. *Id.* at 2393.

Plaintiff filed a grievance against defendants Perrault, Mahoney, Leece, Marcotte, Carter, Sundholm, Liatala and Etten, alleging that they were all involved in assaulting plaintiff on August 4, 2003. Plaintiff's grievance was rejected as untimely at Step I and Step II. Plaintiff has not provided the court with a Step III grievance response. The second grievance attached to plaintiff's claim involves former defendant Milliner. The court has already determined that plaintiff failed to exhaust that grievance. Plaintiff filed a grievance coded MBP 0405-01053-28A. The copy provided to the court is mostly illegible due to poor copy quality. It appears that the grievance was regarding missed meals. It is unclear if plaintiff named any of the defendants in that grievance. The

grievance was rejected as being duplicative. Plaintiff did not provide the court with a Step III response.

Plaintiff filed a grievance asserting denial of meals, and a misconduct ticket for not returning a razor. In his Step I grievance he named defendant John. In his Step II grievance plaintiff named defendant White as not telling the truth. The grievance response indicated that all meals were provided and that plaintiff failed to return a razor. Plaintiff did not provide the court with a Step III response. Plaintiff filed a grievance against defendant Mahoney claiming that defendant Mahoney, while picking up trays, made comments to plaintiff including "it was Warden Napel who decided to use you as a political example." There has been no showing that plaintiff submitted a Step II or Step III grievance on this issue. Plaintiff attached a Step I grievance against the mail staff. Plaintiff did not provide the court with a Step III grievance.

Plaintiff submits that he filed Step III grievances, but the MDOC never responded on all six of his grievances. Defendants claim that there exists no record of receipt of Step III grievances from plaintiff, appealing the Step II denials. Moreover, defendants point out that plaintiff admitted that he sent the Step III grievances to the wrong address. In the opinion of the undersigned, plaintiff has failed to show that he exhausted his grievances against each of the named defendants. Moreover, plaintiff's claims against defendants Perrault, Mahoney, Leece, Marcotte, Carter, Sundholm, Liatala and Etten, involving the alleged assault, were never properly grieved. Plaintiff submitted untimely grievances that were rejected. Accordingly, plaintiff has failed to show that he exhausted his grievances against defendants.

It is recommended that defendants' motion to dismiss (Docket #73) be granted and this case be dismissed without prejudice for failure to show exhaustion of grievance remedies.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

   /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: December 14, 2006