UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES B. GARNER #272042,

    Plaintiff,

v.

File No. 2:05-CV-79

HON. ROBERT HOLMES BELL

UNKNOWN NAPEL, et al.,

    Defendants.
    _____/

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

This matter is before the Court on remand from the Sixth Circuit for the Court to consider Plaintiff James B. Garner's objections to the Magistrate Judge's December 14, 2006, Report and Recommendation ("R&R").[1] The Sixth Circuit opinion issued on April 17, 2008, and the mandate issued on May 15, 2008. On May 20, 2008, this case was re-assigned to the undersigned.

---

[1] On December 14, 2006, the Magistrate Judge issued an R&R. (Dkt. No. 113, R&R.) On December 22, 2006, Plaintiff filed a motion for an enlargement of time to file objections to the R&R. On January 24, 2007, the Magistrate Judge denied Plaintiff's motion for an enlargement of time. On February 2, 2007, the Court approved and adopted the R&R based on no objections having been filed to the R&R. On February 9, 2007, Plaintiff filed objections to the R&R. On March 5, 2007, the Court denied Plaintiff's objections to the R&R as untimely. Plaintiff appealed to the Sixth Circuit. The Sixth Circuit concluded that it was an abuse of discretion to deny Plaintiff's motion for an enlargement of time to file objections to the R&R. (Dkt. No. 160, *Garner v. Napel*, No. 07-1393, slip. op. at 3 (6th Cir. Apr. 17, 2008).) The Sixth Circuit directed that on remand this Court should consider Plaintiff's objections to the R&R. (*Id.*)

This Court is required to make a *de novo* review of those portions of an R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

On July 26, 2006, Defendants G. Caron - Clock # 373, Unknown Carter, William Etten, Unknown John, Dean W. Leece, Unknown Liatala, Charles Marcotte, Brian K. Mahoney, Unknown Nennis, Rodney Perrault, Unknown Schater, A. Sundholm, and Unknown White moved to dismiss on the ground that Plaintiff had not exhausted his claims against them. (Dkt. No. 73, Defs.' Mot. to Dismiss.) After briefing had been completed, the Magistrate Judge recommended that Defendants' motion to dismiss be granted and that this case be dismissed without prejudice for failure to show exhaustion of grievance remedies. (R&R 5.) Plaintiff raises three objections to the R&R.

First, Plaintiff contends no administrative remedies were available because his issues are non-grievable. Plaintiff is correct that a prisoner is not required to exhaust administrative remedies regarding non-grievable issues. *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004). In support of his grievances being non-grievable Plaintiff provided copies of Step II responses to grievances he has filed. (Dkt. No. 122, Pl.'s Objs., Ex. B.) In the two Step II responses provided by Plaintiff the Response indicates that the claims in those grievances are non-grievable. (*Id.*) However, the Step II responses that refer to Plaintiff's grievances as non-grievable are for grievances other than the grievances that

are the basis for Plaintiff's claims.[2] Therefore, Plaintiff's first objection will be denied.

Second, Plaintiff contends he properly pursued each of his grievances through Step III. Defendants provided an affidavit from the Manager of the Michigan Department of Corrections ("MDOC") - Prisoner Affairs Section, James Armstrong. Mr. Armstrong stated that he had searched the MDOC Step III Grievance records and found no Step III appeals for Plaintiff's grievances. (Dkt. No. 23, Defs.' First Mot. to Dismiss, Ex. 11, Armstrong Aff. ¶ 10.) In his objections to the R&R, Plaintiff directs the Court to his prison account, which shows the purchase of postage about the time when Plaintiff should have mailed his Step III appeals. (Pl.'s Objs., Ex. A, Pl.'s Prison Account.) The prison account records do not show to whom or to what address the letter was mailed, thus Plaintiff's prison account records do not refute Mr. Armstrong's affidavit. Therefore, Plaintiff's second objection will be denied.

Third, Plaintiff contends that the Magistrate Judge did not view the record in the proper light as required by the pertinent standards. Plaintiff does not identify any specific statements in support of this objection. Morever, the Court has *de novo* reviewed the questions addressed by the Magistrate Judge in the R&R. Therefore, Plaintiff's third objection will be denied.

---

[2] The grievances that provide the basis for Plaintiff's complaint are: 04-06-01350-28E, 04-06-01483-28B, 04-05-01053-28A, 04-05-01028-17Z, 04-01-00193-17B, and 04-04-00861-28B. The grievances that Plaintiff attached to his objections to the R&R are: 06-11-1858-27A and 06-10-1717-27A.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections (Dkt. No. 122) to the Report and Recommendation of the Magistrate Judge are **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 113) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants G. Caron - Clock # 373, Unknown Carter, William Etten, Unknown John, Dean W. Leece, Unknown Liatala, Charles Marcotte, Brian K. Mahoney, Unknown Nennis, Rodney Perrault, Unknown Schater, A. Sundholm, and Unknown White's motion to dismiss (Dkt. No. 73) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants G. Caron - Clock # 373, Unknown Carter, William Etten, Unknown John, Dean W. Leece, Unknown Liatala, Charles Marcotte, Brian K. Mahoney, Unknown Nennis, Rodney Perrault, Unknown Schater, A. Sundholm, and Unknown White are **DISMISSED WITHOUT PREJUDICE**.

**This case is concluded.**

Date:   June 19, 2008              /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE